1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11                          ----oo0oo----

12   ROBERTA THROWER,                    CIV. NO. 2:17-01627 WBS KJN

13                Plaintiff,             MEMORANDUM AND ORDER RE: MOTION
                                         TO REMAND AND MOTION TO DISMISS
14        v.

15   NATIONSTAR MORTGAGE LLC; U.S.
     BANK NATIONAL ASSOCIATION, AS
16   TRUSTEE FOR LEHMAN XS TRUST
     MORTGAGE PASS-THROUGH
17   CERTIFICATES, SERIES 2006-4N
     and DOES 1-10, inclusive.
18
                 Defendants.
19

20
                            ----oo0oo----
21

22        Plaintiff Roberta Thrower brought this action against

23   Nationstar Mortgage LLC ("Nationstar") and U.S. Bank National

24   Association ("U.S. Bank") alleging multiple violations of state

25   law arising out defendants' alleged misconduct as plaintiff's

26   mortgage servicer and beneficiary of plaintiff's debt obligation.

27   The matter is now before the court on plaintiff's Motion to

28
                                1

remand this action to the California Superior Court for the

County of Placer, where this action had originally been brought,

(Pl.'s Mot. (Docket No. 7)), and defendants' Motion to dismiss

for failure to state a claim upon which relief can be granted

pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Defs.'

Mot. (Docket No. 3).)

In 2006, plaintiff obtained a mortgage loan on property

in Rocklin, California, which was secured by a Deed of Trust

listing GreenPoint Mortgage Funding, Inc. as the lender.  (Compl.

¶ 20 (Docket No. 1).)  There were several corporate assignments

of the Deed of Trust from GMAC Mortgage LLC to Aurora Loan

Services LLC to Nationstar Mortgage, LLC, and finally to US BANK.

(Compl. ¶ 21.)  Plaintiff attempted several times to modify her

mortgage loan with Nationstar, US Bank, and Doe Defendants.

(Compl. ¶ 25.)  On February 23, 2017, plaintiff received a letter

from Nationstar advising her that her request for modification

was denied.  (Compl. ¶ 30.)  On March 21, 2017, plaintiff

appealed the denial and submitted all requested documents to

Nationstar.  (Compl. ¶ 31.)

On April 11, 2017, in a previous related action

plaintiff filed a Complaint against defendants for: (1)

declaratory relief; (2) negligence; (3) quasi contract; (4)

violation of the Fair Debt Collection Practices Act ("FDCPA");

(5) accounting; (6) quiet title; (7) violation of the Unfair

Competition Act California Business & Professions Code §§ 17200,

et seq.; and (8) violation of 26 U.S.C. § 860G(d)(1).[1]  The court

---

[1]  On September 1, 2017, the court found that the initial
action, 17-cv-00766, and the action now before the court, 17-v-

granted defendants' Motion to dismiss stating that plaintiff did not have standing to bring her claims.[2]

On July 18, 2017, plaintiff filed a Complaint in state court alleging ten separate causes of action for: (1) violation of California Civil Code § 2923.6(A); (2) violation of California Civil Code § 2923.5; (3) violation of California Civil Code § 2924.10; (4) violation of California Civil Code § 2924.17; (5) violation of California Civil Code § 2924.18; (6) violation of California Civil Code § 2923.6(c); (7) breach of implied covenant of good faith and fair dealing; (8) violation of the Unfair Competition Act California Business & Professions Code §§ 17200, et seq.; (9) quiet title; and (10) wrongful foreclosure. On August 4, 2017, defendants removed the case under 28 U.S.C. §

---

01627, were related within the meaning of Local Rule 123(a), because both cases involve the same parties and are based on similar claims, in that plaintiff in both cases is attempting to block the foreclosure of her home and seeks to quiet title to the same property. (Order Relating Cases at 1, Thrower v. Nationstar Mortgage, Civ. No. 2:17-00766 WBS KJN (E.D. Cal. June 29, 2017) (Docket No. 15.)). Having found that the cases were related under Local Rule 123, the instant case was reassigned. Id.

[2] In the initial action, plaintiff alleged that the loan was placed in a mortgage-backed securities trust, which was governed by New York law. Thrower, 2017 WL 2813169, at *2. The Trust allegedly had a closing date—the date by which all Notes and Deeds of Trust must be transferred into the trust, and because the Deed of Trust was not allegedly transferred to the Trust by the closing date, plaintiff claimed the assignment was invalid. Id. This court found the plaintiff did not have standing to bring the action. This court explained that because under New York and California law such an alleged violation "only renders the assignment voidable and plaintiff was not a party to the assignment, plaintiff did not have standing to challenge the assignment of her Note and Deed of Trust into the 2006-4N Trust." Id. at *3 (citing Yvanova v. New Century Mortg. Corp., 62 Cal. 4th 919, 942-43 (2016)).

1441(b) based on diversity jurisdiction under 28 U.S.C. § 1332. (Defs.' Notice of Removal. (Docket No. 1).) Plaintiff's Motion to remand and defendants' Motion to dismiss are now before the court.

I.    Motion to Remand

        The plaintiff argues that removal was improper because removal is permitted only if a federal question appears on the face of the complaint, and because none of plaintiff's causes of action pertain to a federal statute, the defendant cannot remove the case to federal court. (Pl.'s Mot. at 4 (Docket No. 7).)[3] However, defendants' notice of removal was based on diversity of citizenship jurisdiction. (Defs.' Notice of Removal at 1 (Docket No. 1).)

        Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ." 28 U.S.C. § 1441(b). However, if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states . . . ." 28 U.S.C. § 1332. The party asserting diversity jurisdiction bears the burden of proof. Resnik v. La Paz Guest Ranch, 289 F.2d 814, 819 (9th Cir. 1961)

_____

        [3]    Plaintiff does not respond to defendant's diversity jurisdiction assertion in her papers in support of her Motion to remand nor in her opposition to the Motion to dismiss.

4

1     To determine if the amount in controversy requirement

2  is met, the court looks to the amount demanded by the plaintiff

3  in the Complaint. See St. Paul Mercury Indem. Co. v. Red Cab

4  Co., 303 U.S. 283, 291-92 (1938). Here, plaintiff does not

5  specify the amount in controversy.[4] When the complaint does not

6  specify the amount in controversy, "the removing defendant bears

7  the burden of establishing, by a preponderance of the evidence,

8  that the amount in controversy exceeds [$75,000]." Sanchez v.

9  Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

10  Defendants assert the amount-in-controversy requirement is met

11  because the plaintiff received a first-lien mortgage in the

12  amount of $360,000 secured by a Deed of Trust on the property and

13  the assessed market value of the property is $378,000. (Defs.'

14  Notice of Removal at 6.)

15     "In actions seeking declaratory or injunctive relief, .

16  . . the amount in controversy is measured by the value of the

17  object of the litigation." Hunt v. Wash. St. Apple Advert.

18  Comm'n, 432 U.S. 333, 347 (1977) (citations omitted). Here,

19  plaintiff seeks both declaratory and injunctive relief.[5] (See

20  Compl. Prayer for Relief A-T.) Furthermore, plaintiff's property

21  is the object of litigation. See Reyes v. Wells Fargo Bank,

22

23     [4]   In addition to declaratory and injunctive relief,
   plaintiff seeks unspecified actual, compensatory, consequential,
24  and statutory damages as well. (Compl. Prayer for Relief A-T.)

25     [5]   Plaintiff seeks declaratory and injunctive relief that
   includes an order to modify the terms of the Mortgage Loan, to
26  rescind the Notice of Default, to restrain and enjoin defendants
   from recording a Notice of Sale and foreclosing on the
27  plaintiff's property, and for a permanent or final injunction
   enjoining defendants from continuing to harm plaintiff.
28

N.A., No. C-10-01667JCS, 2010 WL 2629785, at *4 (N.D. Cal. June 29, 2010) ("If the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation.") (citations omitted).  Here, the first-lien mortgage received by plaintiff was in the amount of $360,000.  (Compl. Ex. B)  See Cabriales v. Aurora Loan Servs., Civ. No. 10-161 MEJ, 2010 WL 761081, at *3 (N.D. Cal. Mar. 2, 2010) (finding where plaintiffs seek injunctive relief to prevent foreclosure, the amount-in-controversy requirement was met when plaintiffs "obtained a loan, secured by a FIRST deed of trust, on the subject property . . .  in the amount of approximately $465,000.").  Furthermore, the value of the property at issue in this case is $378,000 (Compl. Ex. H.).  See Garfinkle v. Wells Fargo Bank, 483 F.2d 1074, 1076 (9th Cir. 1973)[6] (finding the amount-in-controversy requirement satisfied by looking at both the outstanding interest secured by the property and the market value of the property); Delgado v. Bank of Am. Corp., Civ. No. 1:09-01638 AWI DLB, 2009 WL 4163525, at *6 (E.D. Cal. Nov. 23, 2009) (Beck, J.) (appraisal of property establishing property was more than $75,000 met amount-in-controversy requirement).  Thus, defendant has established that the amount in controversy is over $75,000.

Moreover, defendants assert, and plaintiff does not

---

[6]     While Garfinkle looks at the since-modified amount-in-controversy requirement under 28 U.S.C. § 1331, the analysis is still relevant.  Courts such as Reyes v. Wells Fargo Bank, N.A, Civ. No. 10-01667 JCS, 2010 WL 2629785, at *4 (N.D. Cal. June 29, 2010), have used the analysis of Garfinkle to discuss diversity amount-in-controversy requirements under 28 U.S.C. § 1332.

1  dispute, that Nationstar is a citizen of Delaware and US Bank is

2  a citizen of Ohio, and that plaintiff is a citizen of California.

3  Thus, there is complete diversity.

4          Because the amount in controversy is satisfied and

5  there is diversity of citizenship, defendants properly removed

6  this action to federal court, and the court will deny plaintiff's

7  Motion to remand.[7]

8    II.   Motion to Dismiss

9          Defendants argue plaintiff's foreclosure lawsuit

10 against defendants is barred by res judicata.[8]  A defendant may

11 raise res judicata in a motion to dismiss under Federal Rule

12 12(b)(6). See Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir.

13 1984).  Res judicata prohibits lawsuits on "any claims that were

14 raised or could have been raised" in a prior action. Stewart v.

15 U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (citations

16 omitted). "Res judicata applies when there is: (1) an identity of

17 claims; (2) a final judgment on the merits; and (3) identity or

18 privity between parties."  Id. (internal quotations omitted).

19         Defendants argue that although the claims asserted in

20 each suit are not identical, there is an identity of claims

21 between the two suits because the two suits arise out of the same

22

23        [7]   The court does not consider the diversity of "Doe"
   defendants in examining whether there is diversity.  See 28

24 U.S.C. 1441(a) ("For purposes of removal under this chapter, the
   citizenship of defendants sued under fictitious names shall be

25 disregarded."); Newcombe v. Adolf Coors Co., 157 F.3d 686, 690
   (9th Cir. 1998) (explaining district courts should only consider

26 the domicile of named defendants).

27        [8]   Plaintiff does not address defendants' argument that
   res judicata bars this suit.

28

7

transactional nucleus of facts.[9]  (Defs. Mot. at 4.)  Defendants

further contend the second Complaint's allegation of additional

tortious conduct and other facts not included in the initial

action do not sufficiently avoid the bar of res judicata.  (Id.)

In determining whether there is an identity of claims for the

purposes of res judicata, the court considers:

> (1) whether rights or interests established in the prior
> judgment would be destroyed or impaired by prosecution of
> the second action; (2) whether substantially the same
> evidence is presented in the two actions; (3) whether the
> two suits involve infringement of the same right; and (4)
> whether the two suits arise out of the same transactional
> nucleus of facts.

Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th

Cir. 1982) (quoting Harris v. Jacobs, 621 F.2d 341, 343 (9th Cir.

1980)). The last criteria is the most important. Id. at 1202.

"Whether two suits arise out of the same transactional

nucleus depends upon whether they are related to the same set of

facts and whether they could conveniently be tried together."

Turtle Island Restoration Network v. U.S. Dep't of State, 673

F.3d 914, 918 (9th Cir. 2012) (quoting ProShipLine Inc. v. Aspen

Infrastructures Ltd., 609 F.3d 960, 968 (9th Cir. 2010)).  "Where

claims arise from the same factual circumstances, a plaintiff

must bring all related claims together or forfeit the opportunity

to bring any omitted claim in a subsequent proceeding."  Id.

In both suits, plaintiff brought a wrongful foreclosure

complaint against the same defendants based on the same pending

non-judicial foreclosure of the same property.  In the current

---

[9]  Both lawsuits involve only two identical claims, quiet
title and violation of California Business and Professions Code §
17200.

action plaintiff alleges new facts, additional tortious conduct,
and emphasizes the failure of the defendant to modify the
mortgage foreclosure terms, while in the initial action, she
emphasized the failure of defendants to transfer the Deed of
Trust to the 2006-4N Trust by the closing date, allegedly making
the assignment invalid.  (See Compl. ¶ 25; Thrower, 2017 WL
2813169, at *2.)  However, asserting additional claims and new
facts that all arise from the same allegedly wrongful foreclosure
of the plaintiff's property by the same defendants is not enough
to overcome res judicata, because these additional claims and
facts could have been brought in the initial suit.  See U.S. ex
rel. Barajas v. Northrop Corp., 147 F.3d 905, 909 (9th Cir. 1998)
("It is immaterial whether the claims asserted subsequent to the
judgment were actually pursued in the action that led to the
judgment; rather, the relevant inquiry is whether they could have
been brought.")(citation omitted).

Additionally, the facts relevant to this case-the
assignments of the Deed of Trust and the request and eventual
denial to modify her mortgage loan-were all evident when the
initial suit was filed.  See Tahoe-Sierra Pres. Council, Inc. v.
Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1078-80 (9th Cir.
2003) (finding the claims asserted arose from the same
transactional nucleus of facts and thus an identity of claims
where plaintiff filed a new action seeking relief from the same
alleged wrongs as the first suit and the facts relevant to the
subsequent action were all evident when the initial litigation
was filed and there were no new facts relevant to the new cause
of action).  Plaintiff does not argue the new claims brought in

1  the subsequent action could not have been brought in the initial
2  action.  Nor does plaintiff assert the facts relevant to the new
3  claims at issue were not evident by the time this suit was filed.
4  Moreover, the last alleged fact in the Complaint at issue
5  occurred March 21, 2017.  The initial Complaint was filed April
6  11, 2017.  Therefore, every fact alleged in the current Complaint
7  could have been alleged in the initial Complaint.
8          Plaintiff cannot avoid the bar of res judicata by
9  alleging additional conduct by the same defendants or by pleading
10 a new legal theory.  See Costantini, 681 F.2d at 1201
11 ("[A]ppellant does not avoid the bar of res judicata merely
12 because he now alleges conduct by [the same defendant] not
13 alleged in his prior suit, nor because he has pleaded a new legal
14 theory."); Tahoe-Sierra Pres. Council, Inc., 322 F.3d at 1078
15 ("Newly articulated claims based on the same nucleus of facts may
16 still be subject to a res judicata finding if the claims could
17 have been brought in the earlier action.").  Thus, there is an
18 identity of claims between the prior lawsuit and the current
19 lawsuit because the claims arise out of the same nucleus of facts
20 and the additional claims and facts could have been raised in the
21 first suit.
22          Further, there is no dispute as to the other res
23 judicata factors.  As to whether the first suit was a final
24 judgment on the merits, the court granted defendants Motion to
25 dismiss for failure to state a claim and dismissed plaintiff's
26 claims with prejudice based on lack of standing.  Thrower, 2017
27 WL 2813169, at *2.  A dismissal with prejudice is a final
28 judgment on the merits.  See Stewart, 297 F.3d 953 at 956.  ("The

phrase 'final judgment on the merits' is often used
interchangeably with 'dismissal with prejudice'") (citations
omitted); Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394,
399 n.3 (1981) ("The dismissal for failure to state a claim under
Federal Rule of Civil Procedure 12(b)(6) is a judgment on the
merits.")(internal quotations and citations omitted).  Moreover,
the parties in the first suit and the second suit are the same.

       For the above mentioned reasons, res judicata bars
plaintiff's claims in the present action, and the court will
grant the motion to dismiss.

       IT IS THEREFORE ORDERED that Plaintiff's Motion to
remand this action to the California Superior Court for the
County of Placer be, and the same hereby is, DENIED.

       IT IS FURTHER ORDERED that defendants' Motion to
dismiss be, and the same hereby is, GRANTED.  Because plaintiff's
claims are barred by res judicata, giving leave to amend the
Complaint would be futile.  Accordingly, plaintiff's Complaint is
hereby DISMISSED WITH PREJUDICE.

Dated:  October 30, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

11